The Mercantile National Bank of the City of New York, Respondent, *v.* The Corn Exchange Bank, Appellant.

*Extension of time to serve a complaint — Statute of Limitations.*

The courts have no authority to enlarge the time for service of a complain. indefinitely, where the effect will be to extend the operation of the Statute of Limitations (O'Brien, J., dissenting).

Appeal by the defendant, the Corn Exchange Bank, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 9th day of February, 1893, extending the plaintiff's time to serve a complaint.

The order appealed from is as follows:

"Ordered, that the plaintiff's time to serve a complaint in this action be, and the same hereby is, extended until twenty days after the entry of an order of the General Term of the Supreme Court upon the appeal taken by the plaintiff in the action in the Supreme Court, of John E. Phillips, as receiver of the National Bank of Sumter, against the Mercantile National Bank of the City of New

York; and in case said decision of the General Term shall be an affirmance of the judgment appealed from, and an appeal shall be taken therefrom by the plaintiff therein, then the time for the plaintiff to serve a complaint shall be, and the same hereby is, further extended until the decision of the Court of Appeals upon such appeal, and until twenty days after the entry of a judgment in the Supreme Court upon the remittitur from the Court of Appeals to the Supreme Court."

*J. M. Bowers,* for the appellant.

*S. B. Brownell,* for the respondent.

Van Brunt, P. J.:

It seems to be conceded that the plaintiff at the present time has no cause of action whatever as against the defendant; and this action was brought in order that at some future time, in case it should be determined that a cause of action did exist, the Statute of Limitations should not have run against such cause of action.

We are not aware of any authority upon the part of the court to extend the operation of the Statute of Limitations.

It is true that, under the Code, the court or a judge may make an order enlarging the time within which a proceeding in an action, after its commencement, must be commenced. But it is apparent that this power was not given to the court for the purpose of defeating the provisions of law in respect to the limitations of actions.

In this case some action has been commenced, but nobody knows what action, or upon what claim, or founded upon what facts. And the result of such indefinite extension would be to enable the plaintiff to avail itself of the cover of this summons served, to prevent the statute from running against any claim for any cause which it might have against the defendant. By not serving the complaint, such a result would be produced, and we think this is an abuse of the discretion which is confided in the court to extend the time within which a proceeding in an action may be taken.

The order should be reversed, with ten dollars costs and disbursements, and the plaintiff required to serve his complaint within a reasonable time.

Follett, J., concurred.

O'BRIEN, J. :

In my opinion the court had the power to make the order appealed from, and upon the facts here appearing it was properly exercised. I, therefore, dissent.

Order reversed, with ten dollars costs and disbursements, and the plaintiff required to serve his complaint within a reasonable time.